(20 Misc. Rep. 658.)

ROBERTSON v. McKIBBIN.

(City Court of New York, General Term.    July 2, 1897.)

ACCOMMODATION NOTE—DEFENSES.
   Defendant made a note for the accommodation of the payee, and delivered it to him, to have it discounted for his benefit.    The payee delivered the note to one H. to procure its discount, but H., instead of doing so, gave the note to plaintiff as security for an antecedent debt of H., and the payee never received anything for the note.    *Held*, that such diversion by H. was available to the accommodation maker as a defense.

Appeal from trial term.
Action by Albert Robertson against Eliza McKibbin.    From a judgment for plaintiff, defendant appeals.    Reversed.

*Argued before* VAN WYCK, C. J., and McCARTHY and SCHUCH-MAN, JJ.

Jeroloman & Arrowsmith, for appellant.

Sam. V. Heimberger, for respondent.

VAN WYCK, C. J. The defendant is the accommodation maker of the note sued upon, and which she delivered to the payee to have same discounted for his (payee's) accommodation; and he delivered it to his employer, one Hyman, for the purpose of having him secure its discount for the payee, but he has never received a penny for the note from Hyman, who delivered it to his creditor, the plaintiff, as security for an antecedent debt owing to plaintiff from him, part of which was then due and part to become due prior to the maturity of the note in question. Although the payee did not divert the note, as against the defendant, his accommodation maker, still Hyman diverted it as against the payee, for it was given to him for the purpose of having it discounted, and handing the proceeds thereof to the payee, and for this purpose he was the agent of the payee; but he was faithless to his trust, in that he gave it to secure his antecedent debt to plaintiff, thereby converting it to his own use, and could be held so liable. The respondent's counsel contends that, even if the payee was defending this action, and could maintain this defense, provided that the plaintiff had not parted with anything upon receiving the note from Hyman, nor surrendered any right or security, nor extended credit or time of payment, still that "the note was not diverted as against defendant, the accommodation maker. She cannot complain of the subsequent diversion by Hyman. That defense is only open to the party who is interested in the proceeds of the note." This might be true if the payee had delivered the note to secure his own antecedent debt instead of having it discounted, for, if he had the note discounted, he could have used the proceeds for any purpose he desired. However, the note was diverted by Hyman from the purpose for which he received it from the payee. The payee, if defending, could have, on the record, availed himself of this defense. Why not his accommodation maker? An accommodation maker of a note stands as a surety for the person for whose accommodation it was given,—the payee in this case. A surety sued alone can make any defense in the action which the principal could make. Sheary v. Adams, 18 Hun, 181; Morse v. Hovey, 9 Paige, 198. And, if sued jointly with his principal, a counterclaim existing in favor of the latter will inure to his benefit. The court of appeals ruled in Insurance Co. v. Church, 81 N. Y. 221, that prior equities of parties to negotiable paper transferred in fraud of their rights will prevail against an indorsee who has received it merely in nominal payment of a precedent debt, there being no evidence of there being an intention to receive the paper in absolute discharge and satisfaction beyond what may be inferred from the ordinary transaction of accepting or receipting it in payment, or crediting it on account. The record in this case does not show an intention to receive the note in absolute discharge of the debt.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.